UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

**SUSAN BLAKELY CANALES CACERES,**
     **On her own behalf and through her next friend,**
     **her husband, Alan Garcia;**
**Allison Garcia,**
     **On her own behalf and through her next friend,**
     **her father, Alan Garcia;**


     **PLAINTIFFS/PETITIONERS**

**v.**

**CHAD WOLF,**
     **Acting Secretary, U.S. Department of Homeland Security and**
     **Commissioner, United States Customs & Border Protection,**
**JOHN P. SANDERS ,**
     **Acting Commissioner of CBP,**
**CARLA PROVOST,**
     **Acting Commissioner of CBP,**
**RODOLFO KARISCH,**
     **Chief Patrol Agent- Rio Grande Valley Sector, and**
**MICHAEL J. PITTS,**
     **Field Office Director, ICE/ERO, Brooks County Detention Center**

     **RESPONDENTS/DEFENDANTS**


**PETITION FOR WRIT OF HABEAS CORPUS, APPLICATION FOR TEMPORARY
RESTRAINING ORDER, and COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF**

**I. INTRODUCTION**

1. Petitioners herein are asylum seekers who have been confined for more than nineteen days in U.S.

Customs and Border Protection ("CBP") facilities in the Rio Grande Valley Sector of the U.S. Boarder

Patrol ("Border Patrol"), a division of CBP. During their confinement, Petitioners have been subjected

to inhumane treatment and harsh conditions. They have been packed into overcrowded facilities and

detained for weeks without adequate food and water, sanitation facilities, or access to counsel.

Attorneys are not allowed to visit individuals detained at these facilities, so counsel has been unable to

communicate directly with them, or obtain their signatures on G-28s, the forms required for counsel to be recognized as attorneys by DHS. Therefore, Petitioners bring this action through their "next friend." On their own behalf, they challenge the lack of proper facilities and unbearable conditions in the holding cells where they are detained and the lack of access to counsel and legal materials. Petitioners are imprisoned by the federal government under color of the immigration laws. On information and belief, it is alleged that the named Petitioners have been held for more than nineteen days.

This petition seeks the immediate release of the named Petitioners from this incarceration. Their imprisonment is unlawful because of the confluence of three unlawful government practices: first, they are being held virtually incommunicado. They have almost no contact with the outside world, and most particularly, they are being held in a facility that does not allow access by attorneys, and extremely limited access to telephones. Second, although Respondents ostensibly are acting under color of immigration law, on information and belief, Respondents have incarcerated the named Petitioners for more than nineteen days, without issuing charging documents. Third, Respondents are imprisoning them in Border Patrol temporary holding facilities, facilities that are not appropriate for overnight stays — let alone for multiple-week incarceration.

2. Petitioners were apprehended on December 28, 2019, and subsequently detained. Once apprehended, such persons are often detained for extended periods in overcrowded holding cells, with inadequate food, water, and sanitation facilities, where attorneys are not allowed to visit. The conditions in these holding cells are dangerous and inhumane, particularly if CBP detains in the same cells individuals whom they know or have reason to believe have committed crimes other than 8 U.S.C. §1325.

3. Detaining the Petitioner in facilities which do not allow access to counsel or legal materials violates Nunez v. Boldin, 537 F.Supp. 578 (S.D.Tex), appeal dismissed, Nunez v. Boldin. 692 F.2d 755 (Table) (5th Cir. 1982), holding that immigration officials must not only refrain from placing obstacles in way of communications between detainees and their attorneys, but are obligated to affirmatively provide

them with legal assistance, and that besides providing reasonable access to attorneys, such legal assistance may take the form of access to attorney agents and other such legal resources as law libraries, legal forms, and writing materials.

## II. JURISDICTION AND VENUE

4. Jurisdiction lies in 28 USC §2241 (habeas corpus) and §1331 (federal question).

5. Venue is proper in this District since the events giving rise to the action occurred in this judicial District. Respondents are sued only in their official capacities.

## III. THE PARTIES

6. Susan Blakely Canales Caceres is a native and citizen of Honduras, born on August 7th 1985, who has been detained by Defendants since approximately December 28, 2019. She is currently detained at a Customs and Border Patrol (CBP) Detention Center located in Donna, TX in the Rio Grande Valley Sector of CBP. On information and belief, it is alleged that she is detained in Donna, Texas. She is suing through her next friend, her husband, Alan Garcia, and on her own behalf.

7. Allison Garcia is a native and citizen of Honduras, she is a minor child born August 09, 2010, who has been detained by Respondents since approximately December 28, 2019. She is currently detained at a Customs and Border Patrol (CBP) Detention Center located in Donna, TX in the Rio Grande Valley Sector of CBP. On information and belief, it is alleged that she is detained in Donna, Texas. She is suing through her next friend, her father, Alan Garcia, and on her own behalf.

8. Chad Wolf is the duly appointed acting Secretary of the U.S. Department of Homeland Security and duly appointed Commissioner of the United States Customs and Border Protection. He is sued in his official capacity only.

9. Respondent John P. Sanders is the Acting Commissioner of CBP. He is named in his official capacity only.

10. Carla Provost is the duly appointed Chief of the United States Border Patrol, and is being sued in her official capacity only.

11. Rodolfo Karisch is the the duly appointed Chief Patrol Agent – Rio Grande Valley Sector and is being sued in his official capacity only.

12. Michael J. Pitts is the duly appointed Field Office Director – ICE/ERO and is being sued in his official capacity.

## IV. THE FACTS

13. Petitioners are civil detainees detained in U.S. Customs and Border Protection ("CBP") facilities within the Rio Grande Valley Sector of the U.S. Boarder Patrol ("Border Patrol"), a division of CBP. They have been imprisoned in the CBP facility located in Donna, Texas for 19 days.

14. During their detention, Petitioners have been subjected to inhumane treatment and harsh conditions. They have been packed into overcrowded cells for lengthy periods, and denied adequate food, water and sanitation facilities. On information and belief, they allege that the food provided is grossly inadequate, that the toilets are unsanitary, non-existent showering facilities, and that they must sleep on the floor. They are also denied access to legal counsel. Petitioners bring this action to seek relief from the unbearable conditions in CBP's holding facilities in the Rio Grande Valley Sector.

15. The notoriously abysmal conditions of BP stations throughout the country are well-documented in federal litigation and third-party reports. These facilities, termed "hieleras" (Spanish for "freezers") are typically small, concrete rooms with concrete or metal benches. In Customs and Border Protection's own words, these facilities are "not designed for sleeping": they have no beds and showers are not guaranteed. Nevertheless, Border Patrol routinely imprisons individuals in Border Patrol field stations for days or weeks. An ACLU review of FOIA documents from 2009-2014 from Border Patrol holding facilities along the Southern border revealed "horrific detention conditions: children held in freezing rooms with no blankets, food, or clean water; forced to sleep on concrete floors or share overcrowded cells with adult strangers; [and] denied necessary medical care." Many individuals are suffering severe mental distress due to the extreme conditions under which they are detained.

16. Courts across the country have made factual findings about the horrific conditions in Border Patrol holding facilities. For example, the District Court of Arizona granted, and the Ninth Circuit affirmed, a preliminary injunction ordering Border Patrol to address grave deficiencies in the Tucson Sector stations' holding facilities. Doe v. Kelly, 878 F.3d 710, 716 (9th Cir. 2017) (detailing unsanitary and unsafe conditions); see also Flores v. Sessions, No. 85-4544, ECF No. 459-1 (C.D. Cal. July 16, 2018) (July 2018 Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Enforce Settlement detailing physical and verbal assault, unsanitary drinking water, inedible food, freezing cell temperatures and inadequate sleeping conditions in ICE detention centers and Border Patrol stations).

17. Respondents have adopted the categorical position that they can imprison immigrants in temporary holding facilities with no contact to the outside world; in their view, they need not provide for either attorney or family visitation at facilities under the control of CBP.

18. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

19. Respondents' conduct violates the Fifth Amendment's prohibition against holding a prisoner incommunicado. As noted in Halvorsen v. Baird, 146 F.3d 680, 688–89 (9th Cir. 1998): There is a well established tradition against holding prisoners incommunicado in the United States. It would be hard to find an American who thought people could be picked up by a policeman and held incommunicado, without the opportunity to let anyone know where they were, and without the opportunity for anyone on the outside looking for them to confirm where they were. This right applies to civil detainees as well as those in criminal custody. Id.: That a person is committed civilly ... cannot diminish his right not to be held incommunicado.

20. Respondents' actions to effectively bar Petitioners  from receiving attorney visits violate their right to counsel. The right of access to counsel in immigration proceedings is well established under both the Constitution and the Immigration and Nationality Act. U.S. Const., Am. 5; 8 U.S.C. § 1229a.

21. The Due Process Clause guarantees that all noncitizens must "be free from detention that is arbitrary or capricious." Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting); see also Mathews v. Diaz, 426 U.S. 67, 77, 87 (1976) (confirming that those "whose presence in this country is unlawful, involuntary, or transitory" have due process rights). In order to comply with the Due Process Clause, detention must therefore be reasonable in relation to its purpose. Jackson v. Indiana, 406 U.S. 715, 738 (1972). In the immigration context, the basic purposes of detention are to prevent flight and danger, and, if there is no relief from removal, to ensure the detainee appears for removal. See Zadvydas, 533 U.S. at 699 (explaining the relevant detention statute's "basic purpose" as "to assure the alien's presence at the moment of removal").

22. Respondents have imprisoned Petitioners under punitive conditions of confinement, even though they are not subject to punishment for any crimes. This violates the Fifth Amendment. Wong Wing v. U.S., 163 U.S. 228, 236-38 (1896).

23. Whereas it was previously the Border Patrol's position that "a detainee should not be held for more than 12 hours," in 2015 - with no intervening change in the conditions of its holding centers - the agency "updated" its standards: now, "[d]etainees should generally not be held for longer than 72 hours in CBP hold rooms or holding facilities." U.S. Customs and Border Protection, "National Standards of Transport, Escort, Detention, and Search (Oct. 2015).

24. It is submitted that CBP is wrong: under the conditions in the Border Patrol holding facilities in the Valley, detention longer than twelve hours violates detainees' constitutional rights. See Doe v. Kelly, supra, (affirming injunction requiring Border Patrol facilities in the Tucson Sector to provide mats and Mylar blankets to immigrants held longer than 12 hours because "a person who has been detained in a station for over 12 hours . . . has a right to lie down and rest."). Regardless, Petitioner ' detention far exceeds the legal limit and CBP's own policy.

### V. CAUSES OF ACTION

## A. HABEAS CORPUS

25. Petitioners incorporate by reference the allegations of paragraph 1-24 above.

26. Petitioners' detention, without access to counsel, in overcrowded holding cells with inadequate food, water, sleeping and sanitation facilities, for periods of time in excess of 72 hours violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and other legal rights, giving rise to causes of action in habeas corpus. See Nunez v. Boldin, supra.

27. It is therefore urged that this Honorable Court issue a Writ of Habeas Corpus, ordering that the named Petitioners either be immediately released with an electronic tracking device, or that reasonable bond, not to exceed $2,500, be set.

## B. THE ADMINISTRATIVE PROCEDURE ACT
## DECLARATORY AND INJUNCTIVE RELIEF

28. Petitioners incorporate by reference the allegations of paragraph 1-27 above.

29. Petitioners also seek relief under the Administrative Procedure Act, 5 U.S.C. §702 et seq. Their detention without access to counsel in overcrowded holding cells without adequate food, water, and sanitation or sleeping facilities, for more than 72 hours, violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and other legal rights, giving rise to causes of action under the APA.

30. The decision by Respondents to continue the detention of a given detainee in a CBP holding cell beyond the 72 hours for which they claim the right to continue such detention, rather than releasing him/her with an electronic tracking devices, as was the practice in prior years, or transferring him/her to the custody of ICE, in order that they be moved to actual detention centers, such as PISPC, is a final agency action within the meaning of 5 U.S.C. §704, for which there is no other adequate remedy in a court. Such actions therefore are subject to judicial review.

31. Pursuant to 5 U.S.C. §706, this Court therefore is urged to issue a Declaratory Judgment, declaring such agency unlawful, on the grounds that they are: (A) arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

## C. REQUEST FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

32. Petitioners incorporate by reference the allegations of paragraphs 1- 31 above.

33. On information and belief, it is alleged that the named Petitioners have well-founded fear of returning to their country of origin for reasons which sound in asylum and withholding of removal. They have been denied access to legal counsel, and prejudiced from such denial in that they have not had the opportunity to apply for asylum.

34. As such, Petitioners have shown by clear and convincing evidence that it would be unconstitutional and prohibited as a matter of law to execute any order of expedited removal against the Petitioners without first allowing them access to counsel and a meaningful opportunity to seek any relief from removal for which they may be eligible. See, 8 U.S.C. § 1252(f)(2).

35. Petitioners are also entitled to preliminary and permanent injunctions. The actions of Respondents in detaining Petitioners for more than 72 hours in CBP holding cells within this Court's jurisdiction, with inadequate food, water, and sanitation facilities, and without access to legal counsel, is unconscionable, and violates both procedural and substantive due process.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully request that this Court:

1) Assume jurisdiction over the instant action;

2) Declare unlawful the actions of Respondents in holding Petitioners in CBP holding cells within the jurisdiction of this Court for periods of time exceeding 72 hours, on the grounds that said actions are contrary to law and violate Due Process;

3) Issue a Temporary Restraining Order, restraining and enjoining Respondents from removing Petitioners from the United States and from not releasing them either on a reasonable bond (not to exceed $2,500), or with an electronic monitoring device;

4) It is further urged that the Court set the case for a hearing on the motion for preliminary injunction at the Court's earliest convenience.

5) It is further urged that the Court grant such order and further relief as the Court deems appropriate and just, including an award of court costs and attorneys fees.

Respectfully submitted,

/s/ Manuel Solis
Manuel Solis, Attorney
Law Offices of Manuel Solis
P.O. Box 230529
Houston, Texas 77223-0529
Federal ID: 36113
State Bar No: 18826790

## CERTIFICATE OF SERVICE

I hereby certify that a courtesy copy of the foregoing was this date served by email to Christopher Pineda, AUSA, at christopher.pineda@usdoj.gov.
/s/ Manuel Solis